FILED by GM D.C.
ELECTRONIC
FEB 17, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE No.:_____

10-CV-20495-ALTONAGA/BROWN

WALESKA AUGUSTO, and
Other similarly-situated individuals,

    Plaintiff,

vs.

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., 2201 COLLINS
FEE, LLC d/b/a W South Beach, and
VERY RELIABLE SERVICES, INC.,

    Defendants.
_____/

## COMPLAINT
[OPT-IN PURSUANT TO 29 U.S.C § 216(B)]

The Plaintiff, WALESKA AUGUSTO (the "Plaintiff"), and other similarly-situated individuals sue the Defendants, STARWOOD HOTELS & RESORTS WORLDWIDE, INC., 2201 COLLINS FEE, LLC d/b/a W South Beach, and VERY RELIABLE SERVICES, INC. (collectively, the "Defendants"), and allege:

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff is a Florida resident residing within this judicial district. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. ("Starwood") is a New York corporation doing business within this judicial district, where

Plaintiff worked for Starwood, who at all times material hereto was and is engaged in interstate commerce.

4. Defendant, 2201 COLLINS FEE LLC d/b/a W South Beach ("W") is a New York limited liability company doing business and with offices within this judicial district, where Plaintiff worked for W, who at all times material hereto was and is engaged in interstate commerce.

5. Defendant, VERY RELIABLE SERVICES, INC. ("Reliable") is a Florida corporation doing business and with offices within this judicial district, where Plaintiff worked for Reliable, who at all times material hereto was and is engaged in interstate commerce.

### COUNT I: FLSA Statutory Violation by Starwood

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

7. This action is brought by Plaintiff and those similarly-situated to recover from Starwood unpaid straight and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Starwood is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Starwood operates as an

2

organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Starwood obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Starwood was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, Starwood is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Starwood. Starwood's business activities involve those to which the Fair Labor Standards Act applies. Starwood is a company that operates hotels and resorts and, through its business activity, affects interstate commerce. Plaintiff' work for Starwood likewise affects interstate commerce. Plaintiff was employed by Starwood as a housekeeper for Starwood's business.

10. While employed by Starwood, Plaintiff worked an average of 60 (sixty) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a house keeper performing the same or similar duties as that of those other similarly-situated house keepers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

11. Plaintiff was paid an average of $10.00 an hour from on or about October 1, 2009 through November 29, 2009 but has never been compensated for straight or overtime wages for her last 4 weeks of employment with Starwood.

12. Prior to the completion of discovery and to the best of Plaintiff' knowledge, at the time of the filing of this complaint, Plaintiff' **good faith estimate of unpaid wages** is as follows:

**Actual Damages** plus interest, representing the amount unpaid for all straight and overtime on a weekly basis for a total of $2,290.00:

Week One: 66 hours of unpaid work: $790.00 [$400.00 + $390.00 (26 hours of overtime at $15.00 per hour)];

Week Two: 60 hours of unpaid work: $700.00 [$400.00 + $300.00 (20 hours of overtime at $15.00 per hour)];

Week Three: 40 hours of unpaid work: $400.00 (40 hours at $10.00 per hour); and

Week Four: 40 hours of unpaid work: $400.00 (40 hours at $10.00 per hour)

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of $2,290.00.

**TOTAL DAMAGES OF $4,580.00** plus interest, **reasonable attorneys' fees and costs of suit.**

13. At all times material hereto, Starwood failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Starwood to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former

4

employees of Starwood who are and who were subject to the unlawful payroll practices and procedures of Starwood and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

14. Starwood knew and/or showed reckless disregard of the provisions of the Act concerning the payment of straight and overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Starwood as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Starwood never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

15. Starwood willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Starwood as set forth above.

16. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against Starwood on the basis of Starwood's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages

5

and overtime compensation for hours worked in excess of forty weekly, with interest; and

  C. Award Plaintiff an equal amount in double damages/liquidated damages; and

  D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

  E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

  F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: FLSA Statutory Violation by W

  17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

  18. This action is brought by Plaintiff and those similarly-situated to recover from W unpaid straight and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

  19. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). W is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, W operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also

6

provides its services for goods sold and transported from across state lines of other states, and W obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of W was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, W is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for W. W's business activities involve those to which the Fair Labor Standards Act applies. W is a hotel and, through its business activity, affects interstate commerce. Plaintiff' work for W likewise affects interstate commerce. Plaintiff was employed by W as a housekeeper for W's business.

21. While employed by W, Plaintiff worked an average of 60 (sixty) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a house keeper performing the same or similar duties as that of those other similarly-situated house keepers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

22. Plaintiff was paid an average of $10.00 an hour from on or about October 1, 2009 through November 29, 2009 but has never been compensated for straight or overtime wages for her last 4 weeks of employment with W.

23. Prior to the completion of discovery and to the best of Plaintiff' knowledge, at the time of the filing of this complaint, Plaintiff' **good faith estimate of unpaid wages** is as follows:

**Actual Damages** plus interest, representing the amount unpaid for all straight and overtime on a weekly basis for a total of $2,290.00:

Week One:   66 hours of unpaid work: $790.00 [$400.00 + $390.00 (26 hours of overtime at $15.00 per hour)];

Week Two:   60 hours of unpaid work: $700.00 [$400.00 + $300.00 (20 hours of overtime at $15.00 per hour)];

Week Three: 40 hours of unpaid work: $400.00 (40 hours at $10.00 per hour); and

Week Four:  40 hours of unpaid work: $400.00 (40 hours at $10.00 per hour)

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of $2,290.00.

**TOTAL DAMAGES OF $4,580.00** plus interest, **reasonable attorneys' fees and costs of suit.**

24. At all times material hereto, W failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by W to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of W who are and who were subject to the unlawful payroll practices and procedures of W and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

8

25. W knew and/or showed reckless disregard of the provisions of the Act concerning the payment of straight and overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with W as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. W never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

26. W willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with W as set forth above.

27. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against W on the basis of W's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.     Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III: FLSA Statutory Violation by Reliable

28.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

29.    This action is brought by Plaintiff and those similarly-situated to recover from Reliable unpaid straight and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Reliable is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, Reliable operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Starwood obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in

interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Reliable was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

31. By reason of the foregoing, Reliable is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Reliable. Reliable's business activities involve those to which the Fair Labor Standards Act applies. Reliable is an employment leasing company and, through its business activity, affects interstate commerce. Plaintiff' work for Reliable likewise affects interstate commerce. Plaintiff was employed by Reliable as a housekeeper for Reliable's business.

32. While employed by Reliable, Plaintiff worked an average of 60 (sixty) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a house keeper performing the same or similar duties as that of those other similarly-situated house keepers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

33. Plaintiff was paid an average of $10.00 an hour from on or about October 1, 2009 through November 29, 2009 but has never been compensated for straight or overtime wages for her last 4 weeks of employment with Reliable.

34. Prior to the completion of discovery and to the best of Plaintiff' knowledge, at the time of the filing of this complaint, Plaintiff' **good faith estimate of unpaid wages** is as follows:

11

**Actual Damages** plus interest, representing the amount unpaid for all straight and overtime on a weekly basis for a total of $2,290.00:

Week One: 66 hours of unpaid work: $790.00 [$400.00 + $390.00 (26 hours of overtime at $15.00 per hour)];

Week Two: 60 hours of unpaid work: $700.00 [$400.00 + $300.00 (20 hours of overtime at $15.00 per hour)];

Week Three: 40 hours of unpaid work: $400.00 (40 hours at $10.00 per hour); and

Week Four: 40 hours of unpaid work: $400.00 (40 hours at $10.00 per hour)

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of $2,290.00.

**TOTAL DAMAGES OF $4,580.00** plus interest, **reasonable attorneys' fees and costs of suit**.

35. At all times material hereto, Reliable failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Reliable to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Reliable who are and who were subject to the unlawful payroll practices and procedures of Reliable and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

36. Reliable knew and/or showed reckless disregard of the provisions of the Act concerning the payment of straight and overtime wages as required by the Fair Labor Standards

Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Reliable as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Reliable never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

37. Reliable willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Reliable as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against Reliable on the basis of Starwood's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

13

F.    Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT IV: Defendants Violation of 29 USC § 206 (Failure to Pay Promptly)

39.   Plaintiffs re-adopt and incorporate each and every allegation as stated in paragraphs 38 in this complaint as if set out in full herein.

40.   Defendants have violated the FLSA's prompt payment requirement by failing to pay Plaintiffs promptly for every pay period which Plaintiffs worked for Defendants.

41.   Defendants have violated the FLSA's prompt payment requirement by failing to pay Plaintiffs on the regular and customary payday(s).

42.   Defendants' violation of the FLSA provisions concerning prompt, regular payment of wages was willful.

43.   Defendants knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

44.   Plaintiffs are entitled to recover liquidated damages in an amount equal to their actual damages, for Defendants' violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request:

(a) Judgment in their favor for all unpaid wages due or payable;

(b) liquidated damages;

(c) attorney's fees and costs pursuant to the FLSA;

(d) prejudgment and post-judgment interest; and

(e) all other relief deemed just and proper.

## JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: 2/15, 2010.

Respectfully submitted,

By: _____
R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
THE SAENZ LAW FIRM, P.A.
SunTrust Bank Building
777 Brickell Avenue, Ste. 1100
Miami, Florida 33131
Telephone: (305) 577.8551
Facsimile: (305) 577.8482
Email: msaenz@saenzlawfirm.com